

**FILED**

SEP 2 7 2007

DAVID CREWS, CLERK

By_____

Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
         Plaintiff, )
) CIVIL ACTION NO.
      v. ) 2:07cv170 -M-A
)
KNIGHT TRANSPORTATION, INC., ) COMPLAINT
) JURY TRIAL DEMAND
)
        Defendant. )
_____)

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Eric Newton who was adversely affected by such practices. The Commission alleges that Eric Newton was fired from his employment with Knight Transportation, Inc., because he opposed conduct in the workplace which he reasonably believed was unlawful under Title VII of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII")and Section 102 of the

1

Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2.    The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Delta Division.

PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Knight Transportation, Inc.(the "Employer"), has continuously been a Mississippi corporation doing business in the State of Mississippi and the City of Olive Branch, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Eric Newton filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7.    Beginning at least on September 15, 2005, and continuing thereafter, Defendant Employer engaged in unlawful employment practices at its Olive Branch, Mississippi, facility in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a).

8.    During July 2005 Mr. Newton, Night Operations Supervisor, received an email from a Knight Transportation driver stating: "I am sorry to bother your black a**, you f****** n*****."

9.    Mr. Newton promptly reported this conduct to management on or about July 17, 2005, stating that he was very offended by this conduct and asking that action be taken against the driver.

10.    On or about July 29, 2005, having heard nothing from Defendant in response to his report, Mr. Newton sent another e-mail to management to find out what had been done in response to his complaint.

11.    On or about August 1, 2005, Defendant's management told Mr. Newton that they were still investigating the matter and would be in touch with him when they finished.

12.    On or about September 15, 2005, Mr. Newton received a mid-year evaluation which rated him as "Needs Improvement." Prior to this time Mr. Newton had not received any disciplinary write-ups or counseling regarding his performance.

13.    On or about September 16, 2005, Defendant's human resource manager contacted Mr. Newton and told him that he was not at liberty to discuss the details of the action taken by the

3

employer in response to his complaint.

14. On or about September 22, 2005, Mr. Newton was fired by Defendant Employer.

15. The reasons given by Defendant Employer for firing Mr. Newton are a pretext to conceal its discriminatory motive.

16. The effect of the practice(s) complained of in paragraph(s) 7 through 15 above has been to deprive Eric Newton of equal employment opportunities and otherwise adversely affect his status as an employee in retaliation for having opposed practices made unlawful by Title VII.

17. The unlawful employment practices complained of in paragraphs 7 through 15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 7 through 15 above were done with malice or with reckless indifference to the federally protected rights of Eric Newton.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and any other employment practice which discriminates against individuals who oppose conduct made unlawful under Title

4

VII.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Eric Newton, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Employer to make whole Eric Newton, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 14 above, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Eric Newton by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 14 above, in amounts to be determined at trial.

F.    Order Defendant Employer to pay Eric Newton punitive damages for its malicious and reckless conduct described in paragraphs 7 through 14 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

5

H.   Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

C. EMANUEL SMITH (MS 7473)
Regional Attorney

JULIE LEE (DC Bar 433292)
Supervisory Trial Attorney

Charles E. Guerrier (OH 0023546)
Senior Trial Attorney

Equal Employment Opportunity
Commission
1130 22nd Street South
Suite 2000
Birmingham, Alabama 35205
Tel: 205-212-2044
Fax: 205-212-2041