IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                      PLAINTIFF

V.                                                   CIVIL ACTION NO.
                                                        2:07-CV-170-M-A

KNIGHT TRANSPORTATION, INC.                   DEFENDANT

ORDER

The court has before it two interrelated discovery motions in the above styled case. The plaintiff has requested the court compel the defendant to produce certain documents [docket no. 37], which the defendant has generally agreed to, subject to a requested protective order [docket no. 40]. In addition, the defendant objects to the plaintiff's notice of the Rule 30(b)(6) deposition and the subject area of inquiries.[1]

The case at issue concerns a claim of retaliatory discharge by Eric Newton after Newton reported that Matthew Downing, another Knight employee, directed racial slurs at him. After reporting the incident with Downing in July 2005, Newton was fired in September 2005. The purported cause for Newton's termination was that he reported late for duty on multiple occasions without timely notifying his supervisors.

      A.       **The Discovery Requests in Dispute**

Production of employment records should not be ordered, absent a compelling

---

[1] The motions and responses contain a certain amount of personal barbs and extraneous verbiage regarding the history of the discovery process. Such a practice is not only inappropriate but also unhelpful; particularly when the court is required to rule expeditiously, it wastes both counsel's and the court's time to wade through such accusations. Counsel should simply litigate the issues and not air the interpersonal conflicts.

1

demonstration of relevance, due to the inherent privacy interests. *Miller v. Federal Express Corp.*, 186 F.R.D 376, 384 (W.D. Tenn., May 11, 1999). In order to obtain non-party personnel records, the requesting party must demonstrate the particular relevance of the personnel records to the issue. *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447-48 (D.Minn. November 24, 1997); *See also Shedlock v. UPMC Presbyterian Inc.*, 2004 WL 3155117 (Pa.Com.Pl), 69 Pa. D. & C.4th 1 (November 17, 2004). In instances where non-party personnel files are relevant and may lead to admissible evidence, a protective order will help to mitigate the invasion of the privacy of the non-party . *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994).

The plaintiff requests the personnel files of individuals who are not parties to this action. Specifically, request number 5 asks for an unedited copy of Downing's personnel file, request number17 asks for the personnel files of the person(s) who replaced Eric Newton and request number16 asks for copies of all disciplinary actions for all supervisors and managers between May 24, 2003 and September 22, 2005. The court recognizes the relevancy of these files to the action at issue, but is also concerned about the privacy of those individuals who are not a party to the case. Consequently, the defendant will produce such documents subject to the terms of the protective order as described below.

Plaintiff's request numbers 14 and 15 relate to the operation of the entry and exit system that the defendant used to track Newton's entry and exit times. Documents that describe the functionality, operation and the policies and procedures concerning the review of the records of the entry and exit system that tracked Newton's attendance are relevant to the case and are reasonably calculated to produce admissible evidence. Therefore, the defendant will comply with these requests as they relate to the Olive Branch, Mississippi facility, but is not required to

produce information about any other facilities operated by the defendant.

The plaintiff's request for production number 13 asks the defendant to "produce a copy of all documents reflecting the entry and exit of all managers at defendant's Olive Branch facility from May 24, 2003 until September 22, 2005." As indicated in the defendant's response Newton was a supervisor, not a manager, therefore documents reflecting the entry and exit of all other supervisors at the Olive Branch facility are relevant to the case. In addition, the defendant stated that it will produce the information regarding the exit and entry of similarly situated supervisors at the Olive Branch facility during the requested time period. *See* plaintiff's motion to compel [docket no. 37], p. 6. Thus, the plaintiff's motion to compel is moot as to this request.

As to the plaintiff's interrogatory number 3, the defendant states that it has agreed to supplement its responses with the requested information. *See* Defendant's memorandum in opposition of plaintiff's motion to compel, docket no. 44, p. 12. Therefore, the plaintiff's motion to compel response to its interrogatory number 3 is moot.

**B.** **Objections to the Rule 30(b)(6) Notice**

The defendant contests the production of certain documents for the Rule 30(b)(6) examination. The notice at issue contains both specification of areas of examination and an attachment that requests documents, usually through the words, "*all documents,* including notes, emails and other electronic records, that constitute, describe, relate to or set out . . . ." These nine requests for documents do not appear under the guise of a simultaneous Request for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure; rather, the requests are

3

simply part of the deposition notice.[2] Further, the documents requested appear to be voluminous. The defendant argues generally that the requests are overbroad, unduly burdensome, neither relevant to the subject matter nor reasonably calculated to lead to discovery.

It is the long-standing policy of the Northern District of Mississippi to prohibit a party from bypassing Rule 34 of the Federal Rules of Civil Procedure vis-`a-vis a notice to another party. Rule 30 applies to the oral examination of persons, and it specifically states that the "the notice to a deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." FED. R. CIV P. 30(b)(2). Consequently, this court finds it proper to protect the defendant from producing documents through a deposition notice not accompanied by a separate request for production. To the extent that the documents have not been produced by the defendant in response to plaintiff's previous requests under Rule 34, then the defendant is not required to produce them for the upcoming deposition. The plaintiff may certainly use – within the limitations imposed by the Case Management Order – Rule 34 to request documents that it seeks, but plaintiff is warned that broad, sweeping discovery requests are not appropriate and will not be enforced by this court. Parties are expected to tailor their discovery requests to the individual case, obtaining documents which are reasonably discoverable under the Rules.

In addition to its objections to the document production, the defendant contends that the scope of the Rule 30(b)(6) examination, as noticed by the plaintiff, is by turns vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence

---

[2] Plaintiff previously propounded written discovery to the defendant [docket # 27], but the court is unable to determine the contents of requests for production as only the notice of service is filed under our Local Rules.

4

and calls for irrelevant and confidential information. Defendants' specific objections to the subject areas of the examination are as follows:

Defendant objects that subject area numbers 4, 5, 6, 7, 8 and 29 – which generally seek the defendant's policies, practices and procedures related to equal employment opportunity and investigations of complaints of discrimination – are cumulative of each other. The information sought by the plaintiff in these various areas is similar, but not identical, and not cumulative. Further, the information sought is relevant to the defendant's policies, training and management of discrimination claims, thus likely to lead to admissible evidence.

Defendant objects to subject areas numbers 11 and 12 as duplicative of information already provided to the plaintiff. The defendant's corporate representative should be familiar enough with the facts of this case to permit meaningful deposition. Plaintiff is entitled to propound questions at a deposition regardless of previous written discovery responses. The subject matter is central to the case, thus relevant and appropriate for a deposition. To the extent that some of the information requested is subject to attorney/client privilege, such an objection is more properly made at the time the particular question is asked at the deposition itself. It would be inappropriate for the court to enter and advisory protective order on the subject before the necessity of such an opinion has even arisen.

Defendant objects to subject area number 25, which includes "Knight Transportation, Inc.'s workforce roster from June 2003 through September, 2005." This subject area is overly broad and not reasonably calculated to lead to admissible evidence. Further, it is unreasonable to expect the corporate representative to have detailed knowledge of a workforce roster that spans two years and multiple locations. Thus, the subject area is limited to the individuals relevant to

this action at the Olive Branch plant facility.

In subject area numbers 10, 35 and 38 the defendant objects to the seeking of information related to the defendant's responses to complaints or knowledge of racial harassment, complaints against the defendant's employees and any disciplinary action taken against Downing or any other employee for engaging in racial harassment. Subject areas 10 and 38 pertain to the defendant's culture regarding racial harassment and to the specific disciplinary measures taken by the defendant against Downing, thus are relevant, though the scope must be limited to the Olive Branch facility. Subject area number 35 encompassing all complaints against any Knight employee is overly broad and duplicative of the subject matter in subject area number 10.

### C. The Protective Order

The parties inexplicably having been unable to agree on the terms for a protective order, the court is forced to do so as follows. The documents and other information produced by Knight in response to discovery requests filed by the plaintiff or other subsequent requests for discovery in this litigation shall be subject to the terms of this Order as set forth below:

1. For purposes of this Order, "confidential information" means documents and written responses provided by Knight in response to any discovery request. Knight may designate the documents as confidential by so indicating on the face of the writing or in any other reasonable manner appropriate to the form in which the confidential information is made available to plaintiff. Confidential information shall also include any portion of any document or court pleading which quotes from or summarizes any of the foregoing. Plaintiff shall not disseminate deposition testimony for seventy-two (72) hours from its receipt to give Knight an

6

opportunity to move the court to protect the information as confidential.

2. No party shall disclose documents or other information designated as confidential information to any third party except witnesses, experts and attorneys assisting in this litigation, each of whom shall be bound by the terms of the order and who shall signify their knowledge of and agreement to its terms in writing by affixing their signature to a copy of the order before the documents are disclosed to them.

3. Unless otherwise ordered by the court, confidential information shall be held in confidence by the party receiving such information and shall not be used for any purpose other than the prosecution of this lawsuit.

4. All confidential information and any pleading, motion or other paper filed with the court disclosing confidential information shall be sealed when filed with the clerk. Where possible, only the confidential portions of any filing with the clerk shall be filed under seal.

5. Nothing in this Order shall be deemed a waiver of Knight's right (a) to oppose discovery on grounds other than that it constitutes or contains confidential information, or (b) to object on any ground to the admission in evidence at trial of any confidential information.

6. Nothing in this Order shall prevent any party from either using or seeking further protection with respect to the use of confidential information in connection with the trial or any hearing or other public proceeding in this action.

7. When the party producing a confidential document declares it confidential, that document shall remain confidential until the court rules otherwise. In the event the non-producing party challenges the confidentiality of a document by motion, the burden shall be on the party claiming confidentiality to demonstrate the need for protection.

8. Within sixty (60) days after the conclusion of this action, all confidential information and copies if it shall be returned to Knight's counsel with written correspondence from plaintiff's counsel confirming the return of all copies and that no documents are being retained by the plaintiff, its attorneys or expert witnesses. Additionally, copies of this Order signed by witnesses, experts and attorneys as outlined in paragraph number two above will be provided to counsel for Knight along with correspondence confirming that all disclosed documents have been returned to counsel for Knight with no copies being retained by the plaintiff or counsel for the plaintiff.

It is, therefore, ORDERED**:**

That the plaintiff's motion to compel is GRANTED IN PART, DENIED IN PART and MOOT IN PART as outlined in the body of this order

The defendants' motion for protective order is GRANTED IN PART and DENIED IN PART as outlined in the body of this order

This, the 25th day of August, 2008.

    /s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE